IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **POPPLE CONSTRUCTION, Inc.,** | : | Civil No. 3:17-CV-1760 |
| | : | |
| **Plaintiff,** | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **KIEWIT POWER CONSTRUCTORS Co.,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

## REPORT AND RECOMMENDATION

### I. Statement of Facts and of the Case

This case, which comes before us for consideration of a motion to transfer this lawsuit filed by the defendant, (Doc. 5), invites this court to consider in a federal diversity lawsuit involving an alleged breach of contract the interplay between the parties' own contractual forum selection clause in their agreement and provisions of state law which prescribe different forum selection rules for certain statutory contract-related claims. Our consideration of this legal question is guided by the United States Supreme Court's observation that: "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a . . . motion [to transfer] be denied." Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49, 62 (2013).

Guided by this legal tenet, we recommend, consistent with the decisions of other courts that have examined this precise question, that the parties' forum selection be honored and this motion to transfer be granted.

With respect to this legal question, the pertinent facts can be simply stated: On September 28, 2017, the plaintiff, Popple Construction, Inc., filed a civil complaint against Kiewit Power Constructors arising out of a March 18, 2016 contract entered into between these parties. (Doc. 1.) In this diversity lawsuit Popple brought three causes of action against Kiewit, alleging breach of contract; a right to recovery in quantum meruit; and a breach of the Pennsylvania Contractor and Subcontractor Payment Act, 73 PA. CONS. STAT. §§ 501-516 ("CASPA").

The contract negotiated by the parties, which lies at the heart of this lawsuit, contains a forum selection clause which provides, in part, as follows:

> (a) . . . In the event of any dispute arising in whole or in part under this Agreement or out of the Project, *the parties agree that the courts of the state of Illinois shall have sole and exclusive jurisdiction to resolve such dispute*, the laws of the state of New York, except with regard to its choice of law rules shall govern the resolution of such dispute, *and Subcontractor hereby irrevocably consents to jurisdiction and venue in the appropriate state or federal court in Illinois*
>
> * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *.
>
> (e) *Each of the Parties hereby agrees that any legal proceedings that may arise under this Agreement shall be brought In the United States District Court for the Northern District of Illinois*, located in Chicago, Illinois (and if such court does not have jurisdiction over a matter at controversy between the Parties, any state court located in Chicago, Illinois). Accordingly, *each of the Parties hereby submits to the jurisdiction of the United States District Court for the Northern District*

2

> *of Illinois*, located In Chicago, Illinois (and if such court does not have jurisdiction over a matter at controversy between the Parties, any state court located in Chicago, Illinois) for purposes of all legal proceedings that may arise under this Agreement. Each of the Parties irrevocably waives, to the fullest extent permitted by Applicable Law, any objection which it may have or hereafter have to the personal jurisdiction of such court or the laying of the venue of any such proceeding brought in such a court and any claim that any such proceeding brought in such a court has been brought in an inconvenient forum.

(Doc. 1, Ex. A, ¶19) (emphasis added).

Notwithstanding this clear contractual language set forth in the forum selection clause of the parties' agreement, Popple has filed this action in the United States District Court for the Middle District of Pennsylvania, citing a statutory forum selection provision found in CASPA, which provides that:

> Making a contract subject to the laws of another state or requiring that any litigation, arbitration or other dispute resolution process on the contract occur in another state, shall be unenforceable.

73 PA. CONS. STAT § 514.

With the question of the proper forum for this litigation framed by these contractual and statutory provisions, Kiewit has moved pursuant to 28 U.S.C. §1404(a) to have this case transferred to the United States District Court for the Northern District of Illinois pursuant to the express language of the parties' contract's forum selection provisions. (Doc. 5.) Popple, in turn, resists this motion, citing the provisions of CASPA.

3

For the reasons set forth below, we recommend that the district court grant this motion to transfer.

## II. The Motion to Transfer Should Be Granted

Forum selection clauses in contracts, like the clause at issue in this case, are frequently used by parties to add clarity in the resolution of any disputes which may arise under an agreement by specifying in advance where such disputes should be addressed and resolved. Because such clauses are part of the informed bargain between the parties: "Forum selection clauses are entitled to great weight, and are presumptively valid." Wall St. Aubrey Golf, LLC v. Aubrey, 189 F. App'x 82, 85 (3d Cir. 2006) (citing Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 202 (3d Cir. 1983)). Therefore, it is well-settled that "a forum selection clause is presumptively valid and will be enforced by the forum unless the party objecting to its enforcement establishes (1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." Coastal Steel Corp., 709 F.2d at 202.

In federal court, when the parties have entered into a contract which contains a forum selection clause:

> [T]he clause may be enforced through a motion to transfer under [28 U.S.C.] § 1404(a). That provision states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may

transfer any civil action to any other district or division where it might have been brought *or to any district or division to which all parties have consented*."

Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49, 59 (2013) (emphasis added). Thus, "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*. Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system." Id. at 60.

Given this legal architect in federal court governing the use of motions to transfer under §1404(a) as the means for enforcing the rights and expectations of parties who elect to enter into contracts with forum selection clause, the Supreme Court has held that:

> When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied.

Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49, 62 (2013).

Moreover, in a contractual setting, where the parties have agreed to a forum selection provision, the Supreme Court has made it plain that a plaintiff who files suit in a venue other than the venue specified by the parties' agreement, enjoys no right or privilege to maintain the lawsuit in a venue other than the agreed-upon situs for litigation. As the Court observed: "[A] plaintiff who files suit in violation of a

5

forum-selection clause enjoys no such 'privilege' with respect to its choice of forum, and therefore it is entitled to no concomitant 'state-law advantages.' Not only would it be inequitable to allow the plaintiff to fasten its choice of substantive law to the venue transfer, but it would also encourage gamesmanship." Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49, 65 (2013).

Mindful of the fact that the Supreme Court has expressly stated that parties may not disregard their contract forum selection commitments simply in order to enjoy some state law advantages, this court has rejected the precise argument advanced here by the plaintiff; namely, a claim that the forum selection provision in CASPA negates that parties' own contractual choice of forum. Instead, we have found that the parties' forum selection agreement should control in determining the proper place for litigation in federal court under §1404(a), and have directed the transfer of cases to the parties' contractually chosen venue. KNL Const., Inc. v. Killian Const. Co., No. 3:14-CV-412-UN2, 2014 WL 1671959, at *2 (M.D. Pa. Apr. 28, 2014); KNL Const., Inc. v. Killian Const. Co., No. 3:14-CV-412, 2014 WL 4185769, at *1 (M.D. Pa. Aug. 21, 2014).

For its part, Popple presents a succinct response to KNL, the prior precedent of this court which is precisely on point in this case. According to Popple "KNL was decided incorrectly." (Doc. 18, at 4.) This succinct argument warrants a straightforward rejoinder: We disagree. Indeed, in our view, the court's decision in KNL is entirely in accord with the Supreme Court's express guidance in Atlantic

6

Marine; with the longstanding principles announced by the court of appeals which govern such forum selection provisions; Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 202 (3d Cir. 1983), and with the rising tide of current case law which generally recognizes that a state forum selection statute, like CASPA, does not constitute the type of "extraordinary circumstances" which would justify discounting the parties' contractual forum selection clause. See WCC Cable, Inc. v. G4S Tech. LLC, No. 5:17-CV-00052, 2017 WL 6503142, at *17 (W.D. Va. Dec. 15, 2017) (citing Zutz v. Scottsdale Models, LLC, No. 15-cv-2453 (MJD/TNL), 2016 WL 1019393, at *6 (D. Minn. Jan. 26, 2016) (rejecting argument that Minnesota Franchise Act, which purports to bar certain forum-selection clauses, overrides Atlantic Marine); KNL Constr., Inc. v. Killian Constr. Co., No. 3:14-CV-412-UN2, 2014 WL 1671959, at *3 (M.D. Pa. Apr. 28, 2014) (finding, in the context of Atlantic Marine analysis, that Pennsylvania forum-selection statute does "not represent a compelling public policy interest of Pennsylvania")).

Thus, §1404(a), by its terms, permits the transfer of this case to the Northern District of Illinois, a venue "to which all parties have consented," in their contract. Further, the Supreme Court has enjoined us that: "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49, 62 (2013). The

Supreme Court has also instructed us that a party who files a contract action in a venue other than the contractually selected forum, based upon a subjective view that the party may wish to take advantage of some state law which contradicts the agreed-upon forum selection "is entitled to no concomitant 'state-law advantages.'" Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49, 65 (2013). Further, this court has held, in accordance with these emerging legal principles, that notwithstanding the forum selection provision in CASPA, it is the parties' forum selection agreement which should control in determining the proper place for litigation in federal court under §1404(a), and have directed the transfer of cases to the parties' contractually chosen venue. KNL Const., Inc. v. Killian Const. Co., No. 3:14-CV-412-UN2, 2014 WL 1671959, at *2 (M.D. Pa. Apr. 28, 2014); KNL Const., Inc. v. Killian Const. Co., No. 3:14-CV-412, 2014 WL 4185769, at *1 (M.D. Pa. Aug. 21, 2014).

In our view, this growing tide of legal authority leads to the conclusion that this court should honor the parties' contractual forum selection provision, grant this motion to transfer, and order this case transferred to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §1404(a).

### III.  Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Defendant's Motion to Transfer, (Doc. 5) be GRANTED and this case be

transferred to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §1404(a).

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 12th day of April, 2018.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

9