# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

POPPLE CONSTRUCTION, INC.,

    Plaintiff,

v.

KIEWIT POWER CONSTRUCTORS CO.,

    Defendant.

3:17-CV-1760
(JUDGE MARIANI)

## ORDER

The background of this Order is as follows:

On April 12, 2018, Magistrate Judge Carlson issued a Report and Recommendation ("R&R") (Doc. 21) wherein he recommended that Defendant's Motion to Transfer (Doc. 5) be granted and that the above-captioned action be transferred to the United States District Court for the Northern District of Illinois. No party filed Objections, or otherwise responded, and the time for doing so has now passed.

A motion to transfer is considered a non-dispositive motion. *See e.g., McManus v. Giroux*, 2013 WL 3346848, at *2 (M.D. Pa. 2013) (collecting cases); *Brown v. Kia Motors Corp.*, 2007 WL 539652, at *1 n.1 (W.D. 2007); *Agincourt Gaming LLC v. Zynga Inc.*, 2013 WL 3936508 (D.Del. 2013) (analyzing whether a motion to transfer is dispositive or non-dispositive). As the Third Circuit has explained:

> A district court may refer a nondispositive motion to a magistrate judge "to hear and determine," under subparagraph (A) of § 636(b)(1). 28 U.S.C. § 636(b)(1)(A). Following a magistrate judge's issuance of an order on a nondispositive matter, the parties may serve and file objections to the order within 14 days of being served with a copy of the order. Fed. R. Civ. P. 72(a). If a party objects to a magistrate judge's order regarding a nondispositive matter, the

district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A). This standard requires the District Court to review findings of fact for clear error and to review matters of law *de novo*. *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992).

If no party objects to the magistrate judge's order regarding a nondispositive matter, the magistrate judge's order becomes binding "unless the district court takes some action to overrule it." *See United Steelworkers of Am. v. N.J. Zinc Co.*, 828 F.2d 1001, 1005 (3d Cir. 1987). "[A] party's failure to object to a magistrate's ruling waives the party's objection." *Id.* at 1006.

*E.E.O.C. v. City of Long Beach*, 866 F.3d 93, 99 (3d Cir. 2017).

No party having filed Objections, and the Court having reviewed the R&R, the Motion to Transfer, and all relevant briefs and documents, the Court does not find Magistrate Judge Carlson's recommendation that this action be transferred to be clearly erroneous or contrary to law, and will thus adopt the R&R.

**ACCORDINGLY, THIS 27th DAY OF APRIL, 2018**, upon review of Magistrate Judge Carlson's R&R (Doc. 21), **IT IS HEREBY ORDERED THAT:**

1. The R&R (Doc. 21) is **ADOPTED** for the reasons set forth therein.

2. Defendant's Motion to Transfer (Doc. 5) is **GRANTED.**

3. The above-captioned action is **TRANSFERRED** to the United States District Court for the Northern District of Illinois.

4. The Clerk of Court is directed to **CLOSE** the case in the United States District Court for the Middle District of Pennsylvania.

Robert D. Mariani
United States District Judge